FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 21 2015
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**MATT MEINKE** **PLAINTIFF**

**Vs.** **CASE NO.** 4:15-cv-448-DPM

**SOUTHERN PARAMEDIC SERVICES, INC.** **DEFENDANT**

**COMPLAINT**

Comes now the Plaintiff, Matt Meinke, by and through his counsel The Brad Hendricks Law Firm, and for his Complaint states:

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* (the "FLSA"). Defendant has violated the FLSA by, among other ways, paying the Plaintiff less than minimum wages and/or less than federal minimum wage level. Federal law also requires employers to compensate workers for overtime premium pay calculated at one and one-half times their regular rate of pay for all hours worked over forty (40) during a workweek. Further Defendant has refused to pay the Plaintiff for time improperly classified as sleep-time and/or to properly calculate sleep time as defined by the FLSA.

2. Plaintiff is an individual resident of Conway County, Arkansas. Plaintiff works at the Defendant's Lonoke station.

3. Defendant Southern Paramedic Services, Inc. ("Southern Paramedic") is an Arkansas corporation with its principal place of business in Brinkley, Arkansas. Southern Paramedic's registered agent for service of process is Gary Padget, 210 N. New Orleans St., Brinkley, AR 72021. Upon information and belief, Southern operates ten (10) facilities in eight (8) counties across Arkansas.

**This case assigned to District Judge** Marshall
**and to Magistrate Judge** Volpe

4. This Court has jurisdiction over the Plaintiff's FLSA claims pursuant to 29 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. This Court has personal jurisdiction over the Defendant, as they do business, maintain facilities, and are licensed by the State of Arkansas.

6. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c), because Defendant conducts business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

7. Defendant's facility where the Plaintiff works operates 24 hours a day, 7 days a week. Plaintiff is required to work 24 hour shifts.

8. Upon information and belief, Defendant is an Arkansas corporation that provides ambulance and emergency services to members and non-members in and around the state of Arkansas and has met the $500,000 annual dollar volume test set out by FLSA.

9. To accomplish its business end, Defendant employs a number of licensed paramedics and EMT employees.

10. Defendant is an "employer" of the Plaintiff, who is an "employee" as those terms are defined by 29 U.S.C. §203.

11. Plaintiff works as an EMT and is classified as non-exempt. His hourly rate of pay is $7.25, and his overtime rate of pay is $10.875.

12. Defendant does not pay sleep time appropriately, as the Plaintiff is not always allowed to sleep five (5) hours in a row, and therefore the Defendant must compensate the Plaintiff for a full eight (8) hours.

13. Plaintiff has not been compensated for the period of time that has been mischaracterized as sleep-time.

14. Defendant has no express or implied agreement with Plaintiff to exclude the amount of time employees sleep while on duty at the facility from hours worked.

15. The mischaracterized sleep time puts the Plaintiff significantly over the 40 hour threshold and the Defendant has failed to appropriately pay overtime.

16. Defendant's actions are in direct violation of the FLSA and/or applicable state wage and hour laws described below. Plaintiff seeks injunctive and declaratory relief; overtime premium pay for all of the overtime worked, suffered, or permitted by the Defendant, liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses of this action.

17. Defendant did not exercise good faith in willfully failing to fully compensate its employees under the FLSA.

**COUNT I**
**VIOLATONS OF THE FLSA**

18. All preceding allegations are incorporated and realleged as if set forth herein word for word.

19. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

20. The FLSA regulates, among other things, the payment of overtime pay and minimum wages by employers whose employees are engaged in commerce, or engaged in the product of services for commerce, or employed in an enterprise engaged in commerce or in the production of services for commerce. 29 U.S.C. §207(a)(1).

21. On information and belief, Defendant was, and is, subject to the recordkeeping, minimum wage requirements, and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

22. Plaintiff was and is improperly subjected to Defendant's practice of not paying employees for all hours actually worked, miscalculation of sleep time, failure in some instances to pay minimum wages, and failing to pay overtime wages.

23. The FLSA requires employers, such as the Defendant, to pay employees for all hours in which the employee suffered or is permitted to work, including sleep-time under certain circumstances. Hours worked in a 24 hour period includes sleep-time if not allowed a minimum of five (5) hours in the scheduled sleep period of only eight (8) hours maximum.

24. As a result, Defendant has failed to pay Plaintiff overtime pay for all hours worked by Plaintiff in excess of 40 hours in one or more workweeks and for all off-the-clock training and work performed.

25. Plaintiff is entitled to damages equal to the amount of all improperly compensated time, including overtime premium pay within three years preceding the filing of this complaint, plus periods of equitable tolling. Defendant's failure to pay overtime to FLSA employees was "willful", because Defendant did not act in good faith not paying employees for all hours actually worked, miscalculating sleep time, failure in some instances to pay minimum wages, and failing to pay overtime wages and had no reason to believe that its failure to do so was not a violation of the FLSA. Accordingly, the Plaintiff is entitled to an award of liquidated damages. Alternatively, should the Court find that Defendant did not act willfully in failing to pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

26. Plaintiff also seeks reasonable attorneys' fees and costs to be paid by the Defendant.

**COUNT II**
**VIOLATION OF A.C.A. §§11-4-211, and 11-4-218**

27. All preceding allegations are incorporated and realleged as if set forth herein word for word.

28. Throughout the relevant time period, Defendant was subject to the requirements of the Minimum Wage Act of the State of Arkansas as set forth in A.C.A. §11-4-201, *et. seq.*

29. Defendant is an "employer" within the meaning of A.C.A. §11-4-203(4).

30. Defendant was and is required to pay overtime in accordance with A.C.A. §11-4-211.

31. Plaintiff is an employee within the meaning of A.C.A. §11-4-203(3), and is entitled to the protections of the Act and its overtime provision.

32. Plaintiff was "employed" by the Defendant for longer than forty (40) hours in a workweek, and thus should have been compensated at an overtime rate of pay under A.C.A. §11-4-211.

33. When the mischaracterized sleep-time is included as compensable work during the regular work week, such compensable work time is in addition to the more than 40 hours of already compensated work the Plaintiff engaged in each work week. As such, that uncompensated sleep time should be paid at an overtime rate.

34. Defendant has willfully violated A.C.A. §11-4-218 by regularly and repeatedly failing the compensate the Plaintiff for all hours worked, miscalculating sleep-time, failure in some instances to pay minimum wage, and failing to properly pay overtime wages.

35. Defendant is liable to the Plaintiff for compensatory and liquidated damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff prays for a judgment against the Defendant, in an amount in excess of the minimum amount for Federal Diversity of Citizenship cases ($75,000) to be determined by a jury, liquidated damages, pre and post judgment interest, a declaratory judgment that the Defendant has violated applicable state and federal laws, equitable and injunctive relief to remedy Defendant's violations of state law, attorneys' fees and costs, and for all other just and proper relief.

PLAINTIFF REQUESTS A JURY TRIAL.

RESPECTFULLY SUBMITTED:

THE BRAD HENDRICKS LAW FIRM
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444 (P)
(501) 661-0196 (F)
tkitchens@bradhendricks.com

BY: ______________________
Lloyd W. "Tré" Kitchens, ABN 99075

**VERIFICATION**

I have read the above and foregoing and it is true and correct to the best of my knowledge and belief. Wherein I set my hand and seal this 17 day of July, 2015.

MATT MEINKE

STATE OF ARKANSAS )
)ss
COUNTY OF Pulaski )

Sworn to and subscribed before me, a Notary Public, on this 17th day of July, 2015.

NOTARY PUBLIC

My Commission Expires:

AUDRA L. MURRAY NOTARY My Comm Expires SEPT. 23, 2018 #12367826 PUBLIC PULASKI COUNTY, ARK.