IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATT MEINKE                                                                                         PLAINTIFF

v.                                        No. 4:15-cv-448-DPM

SOUTHERN PARAMEDIC SERVICES, INC.                                         DEFENDANT

ORDER

1. Meinke sued Southern Paramedic for unpaid minimum wages and overtime under the Fair Labor Standards Act and Arkansas Minimum Wage Act. Southern Paramedic seeks summary judgment.

2. Under the FLSA, the burden's on Meinke to prove he performed work for which he wasn't properly paid. *Anderson v. Mt. Clemens Pottery Company*, 328 U.S. 680, 687 (1946). Meinke argues Southern Paramedic should have paid him for all scheduled sleep time if he didn't get five *consecutive* hours of sleep during an eight-hour sleep time period. But under the applicable regulation and Eighth Circuit precedent, the five hours need not be consecutive. 29 C.F.R. § 785.22; *Bouchard v. Regional Governing Board*, 939 F.2d 1323, 1332 (8th Cir. 1991). Southern Paramedic had to pay Meinke for the entire eight hours only if he didn't get five hours' sleep — in total — during the scheduled sleep period. *Ibid.* Meinke's overtime claims are mostly premised

on all that allegedly miscalculated sleep time, but Southern Paramedic calculated it correctly.

3.  Now to the rest of Meinke's overtime and minimum wage claims. If Southern Paramedic's time records were inaccurate or inadequate, Meinke could carry his burden by "producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.

He hasn't. Southern Paramedic provided detailed records of Meinke's work time. № 23-6 *to* 23-13. Meinke says Southern Paramedic changed and cut his recorded hours, and that he worked some time that wasn't recorded at all. But he doesn't back these allegations up with any specific dates, supporting documents, or other corroborating information.

Meinke did produce and mention some records. Southern Paramedic says these records document Meinke's employment at Southern Paramedic and another entity. № 24 *at 3*. What's missing, though, is any argument or particulars from Meinke about how these records contradict Southern Paramedic's comprehensive records. Other than Meinke's bare assertions, there's no record evidence of unpaid time worked. Even taking all inferences

in his favor, those assertions alone wouldn't adequately support a jury's finding that Meinke worked unpaid time in any given week. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059–60 (8th Cir. 2014).

**4.** The parties haven't developed Meinke's AMWA claim for overtime in their summary judgment papers. But the state and federal statutes provide the same overtime requirements, and are interpreted similarly. *E.g., Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011). Meinke's AMWA claim fails for the same reasons as his FLSA claims.

\* \* \*

Southern Paramedic's motion for summary judgment, № 23, granted. So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

10 January 2017

-3-